UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN J. BANK,<br><br>    Petitioner,<br>    v.<br><br>HON. DIANA SULLIVAN,<br><br>    Respondent. | Case No. 2:23-cv-00012-RFB-BNW<br><br>**ORDER DISMISSING CASE** |

    This case is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 initiated *pro se* by Steven J. Bank. Bank paid the filing fee for this action and filed his habeas petition on January 4, 2023. ECF Nos. 1-1, 1-2. On that same date, Bank filed an amendment to his petition (ECF No. 3), changing the named respondent, but making no other changes.

    Bank is well-known to this Court. The Court's records indicate that over the past 13 years Bank has initiated in this Court nine prior habeas actions and at some 15 civil rights actions. In his most recent prior habeas action—Case No. 2:22-cv-01710-CDS-NJK—Bank challenged the same criminal prosecution that he challenges in this case; that case was summarily dismissed on October 13, 2022, the Court determining that Bank's claims were unexhausted in state court and barred by the Younger abstention doctrine. ECF No. 4 in Case No. 2:22-cv-01710-CDS-NJK.

    According to his petition in this case, Bank is awaiting trial on a charge of assault with a deadly weapon in Case No. 22-CR-039899 in Clark County, and he has been released on bail. ECF No. 1-1 at 1. Bank's habeas petition includes two claims for relief. His first claim is that his federal constitutional right to effective assistance of counsel has been violated, as follows:

> Appointed attorney Dan Hill has not subpoenaed witnesses in my favor, has not moved to disqualify Metro arresting officers from testifying, and has not filed H.C. in any Court, State or Federal. He has only replied to Emails with "no worries" and "we'll sort this out.

ECF No. 1-1 at 6. His second claim is a claim that his federal constitutional right to due process of law has been violated, as follows:

> Attorney Dan Hill has not moved for any Discovery, and has not ascertained the identity of witnesses favorable to the defense. Without a doubt, two or three favorable witnesses will expose the alleged victim for the Felon and liar that he is. Because he was in no way, legal or through agency, [involved] with the property at 711 N 1st St. (the location of the alleged incident) he was, strictly speaking a Trespasser. Mr. Hill has not developed this defense and as such Defendant Bank will be prejudiced at the Prelim. Hearing on Jan. 10th.

Ibid. Included in Bank's petition is a narrative regarding the facts underlying the criminal charges, essentially argument that he is not guilty. Id. at 8–10, 24. Bank does not specify the relief he seeks from this Court, stating only: "It is hereby requested that the Great Writ be issued, directing the State to surrender Mr. Bank to the custody of the US District Court." Id. at 7, 10.

It is plain from the face of his petition that Bank does not, and cannot now with his criminal case proceeding, state a claim upon which this Court could grant habeas corpus relief. Therefore, this case will be summarily dismissed, without prejudice.

Bank has not exhausted his claims in state court. Generally, a habeas petitioner must exhaust available state court remedies before filing a petition under 28 U.S.C. § 2241. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490–491 (1973); Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). Although § 2241 does not specifically require exhaustion, "[a]s an exercise of judicial restraint … federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim." Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980); see also Castro-Cortez v. I.N.S., 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds, Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006) (Courts "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under §

2241."). Bank asserts in his petition that he has made the claims in this petition before a Nevada justice court, but he makes no mention of any attempt to seek relief from any higher state court, whether a state district court, the Nevada Court of Appeals, or the Nevada Supreme Court. Bank makes no claim that there is no avenue for him to seek such relief.

Furthermore, this action is barred under the Younger abstention doctrine. "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008. "[A]bstention principles ... prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention." Brown v. Ahern, 676 F.3d 899, 901 (9th Cir. 2012) (citing Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir. 1980)). "[T]he category of 'extraordinary circumstances' ... encompass[es] only 'cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction,' or where 'irreparable injury can be shown.'" Brown, 676 F.3d at 901 (quoting Carden, 626 F.2d at 83). This case falls squarely under the Younger abstention doctrine. Bank claims that his defense counsel in an ongoing criminal prosecution is performing ineffectively and that his right to due process of law is being violated because of his counsel's failures, and he apparently wishes for this Court to intervene in some manner. In Younger, the Supreme Court, recognizing principles of comity and federalism, held that federal judges are not to interfere with state criminal proceedings absent extraordinary circumstances, which may be found when there is danger of irreparable injury or where the prosecution is in bad faith. See Younger, 401 U.S. at 43–55 (1971). The Supreme Court instructed that the irreparable injury warranting federal injunctive relief must be injury beyond "that incidental to every criminal proceeding brought lawfully and in good faith." Younger, 401 U.S. at 47 (quoting Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)). There is no indication

that this case must be litigated in federal court at this stage to prevent the sort of irreparable injury contemplated in Younger.

**IT IS THEREFORE ORDERED** that this action is dismissed, without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to send a copy of this order to the Nevada Attorney General. The Nevada Attorney General is not required to take any action regarding this case.

DATED THIS 9th day of February, 2023.

_____
RICHARD F. BOULWARE
UNITED STATES DISTRICT JUDGE